UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CMG WORLDWIDE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:14-cv-00928-RLY-DKL |
| | ) | |
| JAN GLASER an individual, | ) | |
| TATYANA KHOMYAKOVA an individual, | ) | |
| TATYANA DESIGNS, INC., and | ) | |
| TATYANA, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON DEFENDANTS' MOTION TO DISMISS**

Defendants, Jan Glaser, Tatyana Khomyakova, Tatyana Designs, Inc. ("TDI"), and Tatyana, LLC ("TL"), move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiff, CMG Worldwide, Inc., opposes the motion. The court, having read and reviewed the Defendants' motion, the supporting and opposing memorandums of law, and the applicable law, now **GRANTS** the motion.

**I.  Dismissal Standard**

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of claims for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). The purpose of a motion to dismiss is to test the legal sufficiency of the complaint, not the merits of the lawsuit. *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 675 (7th Cir.

1

2001). A court may grant a Rule 12(b)(6) motion to dismiss only if a complaint lacks "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint sufficient on its face need not give "detailed factual allegations," but it must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id*. at 555. The court accepts all well-pleaded factual allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. *See Yeksigian v. Nappi*, 900 F.2d 101, 102 (7th Cir. 1990).

In addition to the allegations of the complaint, the court may consider "documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013) (citing cases). Here, CMG attached an email communication to its Complaint, designated as Exhibit 1. To CMG's dismay, Defendants also request the court take judicial notice of four documents: (1) the Complaint in *CMG Brands, LLC v. Stop!Staring Designs, Inc.*, Case No. BC 431713 ("Lawsuit"); (2) the Judgment in the Lawsuit; (3) a stock quote on TDI downloaded from the OTC Markets website at http://www.otcmarkets.com/stock/TATD/quote, and the company profile downloaded from OTC Markets at http://www.otcmarkets.com/stock/TATD profile; and (4) a copy of the SEC Edgar Search Results on Tatyana Designs, Inc., downloaded from the Securities and Exchange Commission's website at http://www.sec.gov/cgik-bin/browse-edgar?company=tatyana+designs&match=&filenum=&State=&SIC=&myowner=exclude&action=getcompany&Find=Search.

Pursuant to Rule 201(b) of the Federal Rules of Evidence, a court may take judicial notice of an adjudicative fact that is both "not subject to reasonable dispute" and either: (1) "generally known within the trial court's territorial jurisdiction;" or (2) capable of accurate and ready determination "from sources whose accuracy cannot reasonably be questioned." The documents at issue are public records and documents "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The court will therefore consider them for purposes of this motion to dismiss. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1081 (7th Cir. 1997) (recognizing court may take judicial notice of the contents of court records); *Opoka v. INS*, 94 F.3d 392, 394 (7th Cir. 1996) (recognizing that proceedings in other courts, both inside and outside the federal system, may be judicially noticed); *In re Guidant Corp. v. Sec. Litig.*, 536 F.Supp.2d 913, 921 (S.D. Ind. 2008), *aff'd sub nom. Fannon v. Guidant Corp*., 583 F.3d 995 (7th Cir. 2009) (recognizing court may take judicial notice of SEC filings at the 12(b)(6) stage); *Grimes v. Navigant Consulting, Inc.*, 185 F.Supp.2d 906, 913 (N.D. Ill. 2002) (recognizing court may take judicial notice of published stock quotes).

## II. Background

CMG, located in Indianapolis, Indiana, is a well-known celebrity and brand licensing agency that, for purposes of this case, serves as the agent of Bettie Page, LLC (or "BPL") and the Estate of Bettie Davis. (Compl. ¶¶ 1, 10). TDI and TL, organized and existing under the laws of the State of Nevada, are in the business of designing, producing, promoting, and/or distributing, by retail and/or wholesale sales, retro women's apparel and accessories. (*Id*. ¶¶ 4-5, 15-16). Glaser is CEO, Chief Financial Officer,

Treasurer, and Director of TDI and TL; Khomyakova is the Co-CEO, President, and director of TDI and TL.  (*Id*. ¶¶ 2-3).

CMG entered into licensing agreements with Defendants that granted Defendants the right to use the Page Intellectual Property on and/or in connection with a number of stores (*i.e*., the Bettie Page Stores), retro women's apparel and accessories, and a line of women's fragrance.  (*Id*. ¶¶ 18-20).  The first such agreement occurred on April 6, 2006.  (*Id*. ¶ 19).

On March 24, 2009, Stop Staring! Designs, a California company in the same line of business as TDI, sued Glaser, Khomyakova, and TDI in the United States District Court for the Central District of California – Western Division, Case No. 2:09-cv-02014-DSF-AJW, for trademark and trade dress infringement, fraud, misappropriation of trade secrets, and unfair competition.  (*Id*. ¶ 25).  In November or December 2009, Defendants contacted CMG and, for "strategic reasons", asked CMG to file a separate action against Stop Staring! Designs arising out of Stop Staring! Design's alleged unauthorized use of the Davis Intellectual Property.  (*Id*. ¶ 26).  Defendants also offered the assistance of their counsel, One, LLP.  (*Id*. ¶ 28).

On February 11, 2010, Defendants' counsel, One, LLP, filed a Complaint for Infringement of Bette Davis Right of Publicity on behalf of CMG in an action entitled *CMG Brands, LLC v. Stop! Staring Designs, Inc.*, BC 431713 ("Lawsuit") in the Superior Court of Los Angeles County, California.  (*Id*. ¶ 27; Declaration of Jan Glaser ("Glaser Dec."), Ex. 1).  Glaser subsequently reaffirmed multiple times that the Defendants would indemnify CMG for any costs associated with the Lawsuit if CMG would continue to

proceed with the Lawsuit. (*Id*. ¶ 29). Attached to the Complaint is an email communication dated October 26, 2010 between Mark Roesler of CMG to Glaser, which reads:

> Hi Jan . . . after a number of discussions with One LLP, we have the Bette Davis suit back on track. Because of "standing issues" and the risk of an adverse decision thereto which would expose us all to "prevailing party legal fees", CMG is withdrawing from the suit and the two heirs of the Bette Davis estate (her son, Michael Merrill & her long time assistant Kathryn Sermack) will become the plaintiffs in the lawsuit. As you know, this is a contingency arrangement where One LLP will get 1/3 of the recovery, but we are obligated for any of the expenses such as filing fees or depositions, etc. Apparently there has been a few hundred dollars of such expenses incurred to date. Both Mr. Merrill & Ms. Sermack want us to confirm that they would not be responsible for any of these costs but would instead prefer that any recovery that [sic] you be allowed to recoup those costs from the 2/3 recovery prior to them receiving any of it. Is this acceptable?

(*Id*., Ex. 1). Glaser responds: "Absolutely. I will also indemnify for any costs absent recovery. Thank you very much for getting this done." (*Id*.). Roesler replies: "Ok great . . . it is in the works. THx and talk soon." (*Id*.).

CMG proceeded with the Lawsuit and, in turn, incurred substantial costs. (Compl. ¶ 30). On July 7, 2011, Judgment was entered against CMG in the amount of $120,843.75 – $118,518.75 in attorneys' fees and $2,325.00 in costs. (Glaser Dec., Ex. 2).

Despite CMG's repeated requests for reimbursement, Defendants have failed to pay CMG any amounts allegedly owed pursuant to the parties' Agreement. (*Id*.). In conversations with CMG, Glaser stated that part of the reason Defendants have not paid CMG for the costs associated with the Lawsuit is "due to the fact he was taking [TDI]

and [TK] public and did not want to disclose a significant outstanding debt on their company's balance sheet." (*Id*. ¶ 32). To date, CMG alleges it is owed hundreds of thousands of dollars. (*Id*. ¶ 34).

In February or March 2014, CMG, on behalf of BPL, terminated the various licensing agreements between BPL and Defendants. (*Id*. ¶ 23).

On May 23, 2014, CMG filed the present action against Defendants in the Shelby Superior Court, alleging breach of contract, unjust enrichment, and violations of Section 10(b) and Section 20(a) of the Securities Exchange Act of 1934. On June 6, 2014, Defendants timely removed the action to this court based upon subject matter and diversity jurisdiction.

## III. Discussion

### A. Breach of Contract

Defendants move to dismiss Count I of CMG's Complaint for breach of contract on three grounds: (1) CMG is not the real party in interest; (2) to the extent there was an indemnity Agreement, it was an illegal agreement; and (3) Khomyakova, TDI and TL were not parties to the alleged indemnity Agreement.

#### 1. Real Party in Interest

CMG's claim for breach of contract is premised on the Complaint filed by CMG Brands, LLC against Stop Staring! Designs. "A real party in interest . . . is the person who is the true owner of the right sought to be enforced." *Hammes v. Brumley*, 659 N.E.2d 1021, 1030 (1995). CMG was not a party to the Lawsuit and did not have any Judgment rendered against it in the Lawsuit. Instead, as alleged in the Complaint, and as

6

evidenced by a copy of the Complaint from the Lawsuit at issue, the plaintiff was CMG Brands, LLC.

In an effort to get around the fact that it is not the real party in interest, CMG claims, "Though CMG Brands was the losing party, by agreement between the companies, CMG [Worldwide] pays 100% of CMG Brands' obligations." (Declaration of Mark Roesler ¶ 7). This alleged agreement between CMG Brands and CMG was not alleged in the Complaint, and has no bearing on the fact that CMG Brands was the party obligated to pay the attorneys' fees by order in the Lawsuit, not CMG. CMG, therefore, is not the "true owner of the right sought to be enforced." Accordingly, CMG's breach of contract claim must be dismissed.

### 2. Maintenance Contract

Defendants also argue that the alleged Agreement between CMG and Defendants is an illegal "maintenance contract." "Maintenance" is defined to be "an officious intermeddling in a suit that no way belongs to one, by maintaining or assisting either party, with money or otherwise, to prosecute or defend it." *Reichhart v. City of New Haven*, 674 N.E.2d 27, 32 n.3 (Ind. Ct. App. 1996) (citing 5 Indiana Law Encyclopedia, *Champerty and Maintenance* § 2, at 31-32)); *see also Midtown Chiropractic v. Illinois Farmers Ins. Co.*, 847 N.E.2d 942, 944 n.1 (Ind. Ct. App. 2006) ("Where a stranger intermeddles in the litigation by promoting, encouraging, or assisting it but does not receive any part of the subject matter of the litigation in return, maintenance is said to have occurred."). Maintenance suits are unenforceable at common law. *Mud Valley Oil & Gas Co. v. Hitchcock*, 81 N.E.111, 112 (Ind. Ct. App. 1907).

The Complaint alleges:

> In or about November-December 2009, Defendants contacted CMG with regard to the foregoing litigation; *though no issues associated with that suit involved or related to Defendants' Bettie Page license(s), for strategic reasons that would benefit Defendants*, [Glaser] asked CMG to file a separate action against Stop Staring! arising out of Stop Staring!'s alleged unauthorized use of the Davis Intellectual Property on and/or in connection with Stop Staring!'s line of retro women's apparel and accessories.

(Compl. ¶ 26) (emphasis added). The Complaint further alleges that Defendants knew they would benefit from CMG's pursuit of the Lawsuit, offered the services of their counsel to file the Lawsuit, and agreed to indemnify CMG "against any and all costs, fees and/or awards associated with the Lawsuit." (*Id.* ¶¶ 27-30). In addition, CMG admits in its Response and in the declaration of its CEO and Chairman, Mark Roesler, that the only interest of Defendants in the Lawsuit instituted by CMG Brands against Stop Staring! was "to try to deplete [Stop Staring!'s] resources" in having to defend simultaneous, parallel actions. (Plaintiff's Response at 14; Roesler Dec. ¶ 5). CMG's only response to Defendants' argument is that, pursuant to *Sampliner v. Motion Picture Patents Co.*, 254 U.S. 233, 239-40 (1920), the issue of whether an agreement is a "maintenance contract" or champertous[1] is a question of fact.

*Sampliner* was a champerty case. The issue in dispute was whether the assignment of the cause of action was for an antecedent debt or whether plaintiff purchased the cause of action with the intent to sue thereon. Thus, the case is factually

---

[1] "Champerty" is "a bargain with a party to divide land or other matter sued for if the parties to the agreement should prevail at law, the champertor to carry the action at his own expense . . . ." 5 Indiana Law Encyclopedia, *Champerty and Maintenance* § 2 at 31.

8

distinct from the present one. Moreover, Roesler's testimony all but admits that the CMG Brands Lawsuit was an illegal maintenance contract; thus, there is no issue in dispute. The court therefore finds that the alleged agreement between CMG and Defendants is illegal, and therefore, void and unenforceable. The court need not address Defendants' third and final argument regarding whether Khomyakova, TDI, and TL were not parties to the alleged indemnity Agreement. CMG's breach of contract claim must be dismissed.

### B. Unjust Enrichment

In Count II of the Complaint, CMG alleges Defendants have been unjustly enriched by CMG's maintenance of the Lawsuit, to CMG's detriment. Defendants argue this claim must be dismissed because CMG comes before this court with "unclean hands."

Unjust enrichment is often referred to as quantum meruit, contract implied-in-law, constructive contract, or quasi-contract, and it requires a party "who has been unjustly enriched at another's expense to make restitution to the aggrieved party." *Bayh v. Sonnenburg*, 573 N.E.2d 398, 408 (Ind. 1991) (citing RESTATEMENT OF RESTITUTION § 1 (1937)). It "is a legal fiction invented by the common-law courts in order to permit a recovery . . . where, in fact, there is no contract, but where the circumstances are such that under the law of natural and immutable justice there should be a recovery as though there had been a promise." *Bayh*, 573 N.E.2d at 408 (citation omitted).

"Unjust enrichment is an equitable claim and, as a general principal of equity," "'he who comes into a court of equity must come with clean hands.'" *TRW Title Ins. Co.*

*v. Security Union Title Ins. Co.,* 153 F.3d 822, 829 (7th Cir. 1998) (quoting *Mills v. Susanka*, 68 N.E.2d 904, 907 (1946)). "The purpose of the unclean hands doctrine is to prevent a party from reaping benefits from his or her misconduct." *Coppolillo v. Cort*, 947 N.E.2d 994, 1000 (7th Cir. 2011). The doctrine applies where the alleged wrongdoing is intentional and has an immediate and necessary relation to the matter being litigated. *Id.*

In the present case, CMG intentionally filed the Lawsuit against Stop Staring! to deplete Stop Staring!'s resources, such that Stop Staring!'s claim against Defendants would be compromised. The Lawsuit has a direct relation to this case in that CMG claims it is owed fees and costs, pursuant to an alleged Agreement that is illegal and against public policy, as a result of the Lawsuit from Defendants. The court therefore finds the doctrine of unclean hands applies in this case and precludes CMG from recovering under this equitable theory. CMG's unjust enrichment claim is therefore dismissed.

### C. Rule 10b-5 Claim

In Count III, CMG brings a claim under Rule 10b-5, promulgated under Section 10(b) of the Securities and Exchange Act of 1934, against Glaser and Khomyakova. The Rule makes it unlawful for a person "[t]o make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances in which they were made, not misleading" "in connection with the purchase or sale of any security." 17 C.F.R. § 240.10b-5. To properly plead a cause of action under Rule 10b-5, a plaintiff must allege that: "(1) the defendant made a false

statement or omission (2) of material fact, (3) with scienter (4) in connection with the purchase or sale of securities (5) upon which the plaintiff justifiably relied (6) and that the false statement proximately caused the plaintiff's damages." *Caremark, Inc. v. Coram Healthcare Corp.*, 113 F.3d 645, 648 (7th Cir. 1997) (citing *In re HealthCare Corp. Sec. Litig.*, 75 F.3d 276, 280 (7th Cir. 1996)).

The only allegation having anything to do with a failure to disclose is found in paragraphs 23 and 24 of the Complaint, wherein CMG alleges that "CMG, on behalf of [Bettie Page LLC], terminated the various license agreements between [Bettie Page LLC] and Defendants," and "in violation of SEC Rules, Defendants have yet to publically, in required SEC filings, disclose the termination of their rights in and to the Page Intellectual Property."

Section 13(a) [15 U.S.C. § 78m] of the Securities and Exchange Act requires companies that register securities with the SEC pursuant to Section 78l to submit periodic reports, including 10-K and 10-Q filings. The evidence reflects that TDI is traded on OTC Pink,[2] and TDI is not registered with the SEC. (Glaser Dec., Ex. 3, stock quote; *id.*, Ex. 4 (SEC EDGAR search results)). In fact, the only documents filed with the SEC have been Notice of Exempt Offering of Securities. (*Id.*, Ex. 4). As such, TDI was not required to submit SEC filings about the termination of the Page Intellectual Property rights.

---

[2] "OTC Pink is the Open Marketplace with Variable Reporting Companies and has no disclosure requirements, although companies may voluntarily provide information to investors." www.otcmarkets.com/learn/otc101-faq.

In CMG's Response, it argues that its 10b-5 claim is predicated on Defendants' failure to disclose the obligation of payment to CMG to indemnify CMG against the award in the Lawsuit. CMG argues this failure "materially altered" the TDI stock price to CMG's detriment.

CMG did not allege that TDI's stock price fell as a result of Defendants' alleged failure. Even if CMG's argument were supported by the allegations of the Complaint, the fact remains that CMG has not alleged that it is the "purchaser or seller" of the subject securities, and therefore, has no standing to bring a cause of action under Rule 10b-5, and cannot conceivably allege any "detriment" as a result of a "materially altered" stock price. *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 733 (1975) (holding that 10b-5 actions are available only to persons who are either purchasers or sellers of securities).

### D. Control Person Liability

In Count IV, CMG alleges a claim under Section 20(a) of the Securities and Exchange Act against Glaser and Khomyakova. In order to state a Section 20(a) claim, Plaintiffs must allege: (1) a primary securities violation; (2) that Glaser and Khomyakova exercised general control over the operations of TD; and (3) that Glaser and Khomyakova "'possessed the power or ability to control the specific transaction or activity upon which the primary violation was predicated, whether or not that power was exercised.'" *766347 Ontario Ltd. v. Zurich Capital Markets, Inc.*, 249 F. Supp. 2d 974, 983 (N.D. Ill. 2003) (quoting *Harrison v. Dean Witter Reynolds, Inc.,* 974 F.2d 873, 881 (7th Cir.1992)). As CMG failed to allege a plausible Rule 10b-5 claim, this claim must also be dismissed.

### E. Rule 11 Sanctions

Pursuant to 15 U.S.C. § 78u-4(c)(1), in any private action arising under 15 U.S.C. § 78, including §78j which is at issue here, "upon final adjudication of the action, the court shall include in the record specific findings regarding compliance by each party and each attorney representing any party with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to any compliant, responsive pleading, or dispositive motion."

Defendants argue CMG's 10b-5 claims are frivolous and not warranted by existing law. According to Defendants, a simple review of the material facts and law by counsel for CMG would have established that these claims have no merit. CMG and its counsel have not had an opportunity to respond, a necessary prerequisite to the court's findings. 15 U.S.C. § 78u-4(c)(2). Accordingly, an award of sanctions against CMG and its counsel is **UNDER ADVISEMENT**.

### IV. Conclusion

The court finds CMG fails to state plausible claims for relief. The court therefore **GRANTS** Defendants' Motion to Dismiss (Filing No. 9). Counsel for CMG shall file a response to Defendants' request for Rule 11 sanctions within 14 days of the date of this Entry.

**SO ORDERED** this 9th day of January 2015.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.